UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HOLMES APARTMENTS LLC, | Case No.   1:22-cv-431 |
| Plaintiff, | Hon. |
| v. | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, an Ohio corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Neil J. Marchand (P73118)
Jacob L. Carlton (P84859)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
PO Box 306
Grand Rapids, MI  49501-0306
616.831.1700
marchandn@millerjohnson.com
carltonj@millerjohnson.com

## COMPLAINT

Plaintiff, Holmes Apartments LLC ("Holmes"), for its Complaint against Defendant, State Automobile Mutual Insurance Company ("State Auto"), states:

### Introduction

1. This is an insurance dispute whereby Holmes seeks to enforce the terms of a business-owner's insurance policy issued by State Auto to recover loss resulting from storm damage to its commercial property.

## Parties

2. Holmes is a Michigan Limited Liability Company with its principal place of business in Ingham County, Michigan.

3. All of the members of Holmes are Michigan residents.

4. Holmes owns a 29-unit apartment complex located at 2222 W Holmes Rd., Lansing, MI 48910 (the "Property").

5. Defendant State Auto is an Ohio corporation with its principal place of business in Columbus, Ohio.

## Jurisdiction & Venue

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and because this action involves an amount in controversy exceeding $75,000.

7. This Court has personal jurisdiction over State Auto because State Auto insured real property in Michigan.

8. Venue is proper in this Court as the Property is located in Ingham County, Michigan.

## General Allegations

9. Holmes Apartments LLC acquires residential apartment buildings, performs cosmetic upgrades, and then rents the units out at market rate.

10. On April 19, 2021, Holmes acquired the Property.

11. Prior to completing the acquisition, Holmes hired Mario's Inspection Corporation to perform an inspection of the Property.

2

12. The inspection was completed on February 3, 2021, and the inspection report is attached as **Exhibit A**.

13. The inspection complied with ASHI Standards of Practice, which requires the inspector to inspect, *inter alia*, roofing materials, roof drainage systems, and flashing.

14. While the inspection noted several internal and external issues, the inspection noted no problems with the roof or water damage from leaks in the roof.

15. At the time Holmes acquired the Property in April 2021, the Property was vacant.

16. Upon acquisition, Holmes shut off the water to the Property to avoid any leaks during renovations.

17. In May of 2021, Holmes hired Source One Construction to replace a roof on another property, and the roofer offered to quote the Property as well for a bulk discount.

18. However, Source One Construction informed Holmes that the Property's roof had several years of life remaining and needed no repairs at the time.

19. As a result of Source One Construction's recommendation, Holmes had no plans to replace the roof during the renovation process.

**State Auto's Policy**

20. Holmes purchased Businessowners Policy Number 10070240CB (the "Policy"). A copy of the Policy is attached as **Exhibit B**.

21. The Policy Period is 04/19/21-04/19/22. The limit of insurance on the Property under the Policy is $2,315,031.

22. The Policy requires State Auto to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

23.     The Policy defines "Covered Causes of Loss" as any "direct physical loss unless the loss is excluded or limited…"

### Thunderstorms and Hail Storms Damage the Property's Roof

24.     Upon arriving on the Property on Monday, June 14, 2021, agents of Simtob Management & Investment LLC ("Simtob"), Holmes's property management company, noticed that a portion of the roof on the Property had been damaged from storms that occurred over the weekend.

25.     A portion of the Property's roof was missing, and the underlying OSB board was exposed.

26.     Records from the National Oceanic and Atmospheric Administration ("NOAA") indicate that thunderstorms and hail storms were active in Ingham County on the evening of Friday, June 12, 2021.  **Exhibit C**.

27.     Indeed, NOAA records indicate that a hail storm producing hail 1 inch in diameter occurred in Ingham County on June 12.

28.     NOAA records also show thunderstorms throughout the area on June 12 with wind speeds exceeding fifty miles per hour.

29.     According to NOAA's National Weather Service's Estimating Wind Speeds with Visual Clues chart, wind speeds between 47 and 54 miles per hour are "Strong Gale" winds, with visual clues and damage effects including structural damage such as "roofing tiles blown off[.]" **Exhibit D**.

30.     As shown in the pictures attached as **Exhibit E**, the Property's roof suffered major damage as a result of these storms, the underlying OSB board suffered water damage, and water leaked into the interior of the building.

31. This interior water damage did not exist previously, and was not noted in the inspection report from three months prior. Additionally, because the water to the Property was shut off, the water damage could only have resulted from the storm damage.

32. Over the next few weeks, Holmes replaced the damaged roof and repaired the interior water damage.

33. In total, Homes paid $462,988.72 to fix the Property's roof, repair and remediate the water damage, and comply with the standards of local codes and ordinances in the course of repairing and replacing the damaged parts of the Property.

34. On August 17, 2021, Holmes filed a claim under the Policy to recoup its costs to fix the storm damage.

35. On August 18, 2021, Holmes provided State Auto with photos and videos of the roof damage, along with photos of the damaged interior. **Exhibit F.**

36. Holmes also provided State Auto with invoices detailing costs associated with repairing the storm damage. *Id.*

37. On August 20, 2021, Holmes provided State Auto a copy of the inspection report showing that there was no damage to the roof prior to Holmes purchasing the property.

38. On August 26, 2021, Source One Construction provided a statement to State Auto confirming that the roof was in good condition prior to the storm, but in need of immediate repair after the storm.

39. On August 30, 2021, State Auto denied Holmes' claim, arguing that "there was no evidence to confirm the roof sustained a covered cause of loss before the water damages occurred to the building." **Exhibit G.**

## COUNT I

### Breach of Contract

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein.

41. The Policy is a binding contract between Holmes and State Auto.

42. The Policy requires State Auto to pay Holmes for damages to the Property caused by storms, including wind or hail damage.

43. The Property was damaged by a storm, wind, and/or hail during the Policy Period.

44. Despite the damage caused by the storm, wind, and/or hail, and despite Holmes providing State Auto the February inspection report and Source One Construction statement confirming the roof's good condition before the June 12 storm, State Auto denied the claim.

45. By refusing to pay the covered loss under the Policy, State Auto breached the contract.

46. As a result of State Auto's breach, Holmes suffered damages totaling $462,988.72.

47. Holmes is also entitled to interest, under MCL 500.2006, on any money judgment entered against State Auto. Alternatively, Holmes is entitled to the maximum interest allowed by law.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a Judgment against State Auto, and award Plaintiff damages in the amount of $462,988.72, together with statutory interest, the maximum interest allowed by law, compensatory damages, attorneys' fees, costs, and such other further relief as the Court deems just and proper.

**JURY DEMAND**

 Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial on all issues so triable.

        MILLER JOHNSON

        Attorneys for Plaintiff

Dated:  May 12, 2022  By /s/ Neil J. Marchand
         Neil J. Marchand (P73118)
         Jacob L. Carlton (P84859)
        Business Address:
         45 Ottawa Avenue SW, Suite 1100
         PO Box 306
         Grand Rapids, Michigan  49501-0306
        Telephone:  (616) 831-1700
         marchandn@millerjohnson.com
         carltonj@millerjohnson.com